```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**ROSEMARY KEFFER,**

      Plaintiff,

v.                                          Civil Action No. 2:04-00692

**WYETH, doing business as Wyeth,
Inc.; WYETH PHARMACEUTICALS, INC.;
PHARMACIA & UPJOHN COMPANY; and
PFIZER, INC.,**

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Rosemary Keffer's motion for leave to amend the complaint to make clear a prayer for punitive damages, filed February 25, 2011.[1]

### I.  Background

Plaintiff filed her complaint on July 7, 2004.  The complaint does not include a prayer for punitive damages.

On October 26, 2004, this case was transferred to multidistrict litigation in the United States District Court for the Eastern District of Arkansas.  While the action was pending in the MDL court, the plaintiffs' steering committee filed a master complaint and an amended master complaint, both of which

---

[1] Plaintiff Leah Royce contemporaneously filed a similar motion for leave to amend in a related action before this court, Royce v. Wyeth, 2:04-0690 (S.D. W. Va.).

included prayers for punitive damages.[2]

The case was remanded to this court on April 13, 2010, for the completion of discovery, pretrial activity, and trial. On June 1, 2010, the court entered its scheduling order directing that any amendments to the pleadings be submitted by June 30, 2010.

Plaintiff now seeks leave to amend her complaint to include a request for punitive damages in her prayer for relief. She contends that, based upon the complaints in the MDL proceeding as well as in other related litigation, defendants have been on notice of the punitive damage claim and supporting allegations for years and therefore would not be prejudiced by the amendment. Defendants oppose the motion, asserting that the proposed amendment is unsupported by good cause, untimely, and prejudicial.

II. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs courts to

---

[2] Regarding the legal significance of a master complaint, "MDL courts have observed generally that a 'master complaint should not be given the same effect as an ordinary complaint. Instead, it should be considered as only an administrative device to aid efficiency and economy.'" In re Digitek Prods. Liab. Litig., No. 08-01968, 2009 WL 2433468, at *8 (S.D. W. Va. Aug. 3, 2009) (collecting MDL cases) (citations omitted).

"freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16(b)(4), on the other hand, provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295 (4th Cir. 2008), our court of appeals noted that a "tension" arises between Rules 15 and 16 when a party seeks to amend a pleading after the scheduling order deadline has passed.  <u>Id.</u> at 298.  The court resolved "the conflict between these two provisions" as follows:

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.  This result is consistent with rulings of other circuits.

<u>Id.</u> (citing cases from the First, Second, Fifth, Sixth, Eighth, and Eleventh Circuits).  Thus, because plaintiff seeks to amend her complaint after the scheduling order deadline, she must satisfy the Rule 16 "good cause" standard.

"Good cause" under Rule 16(b) is measured by the movant's diligence in attempting to meet the scheduling order's requirements.  <u>Sherman v. Winco Fireworks, Inc.</u>, 532 F.3d 709, 716 (8th Cir. 2008); <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 243 (2d Cir. 2007); <u>Johnson v. Mammoth Recreations,</u>

3

Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).[3]  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."  Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003).  Nevertheless, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end."  Johnson, 975 F.2d at 609; Sherman, 532 F.3d at 717.

　　　　Here, plaintiff has offered no reason for her failure to include a request for punitive damages in her complaint filed in 2004.  Most important, she has not explained why she did not file a timely motion to amend her complaint by the scheduling order deadline of June 30, 2010.  It appears to the court, then, that she has not made the requisite showing of good cause.

　　　　Rather than explaining the reasons for the late amendment, plaintiff's motion focuses on the lack of prejudice

---

　　　[3]　　As the Fourth Circuit has stated, albeit in an unpublished decision, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party."  Montgomery v. Anne Arundel Cnty., Md., 182 Fed. App'x 156, 162 (4th Cir. 2006) (per curiam).

**4**

that would result to defendants. While the addition of a late request for punitive damages often will not unduly prejudice the opposing party, the movant is not thereby relieved of the duty of showing some measure of good cause.

Inasmuch as plaintiff offers no explanation for her apparent lack of diligence,[4] the court declines to grant her leave to amend the complaint to include a request for punitive damages.

### III. Conclusion

Based upon the foregoing, the court ORDERS that plaintiff's motion for leave to amend the complaint be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: April 13, 2011

_____
John T. Copenhaver, Jr.
United States District Judge

---

[4] Plaintiff emphasizes that she has generally been diligent in pursuing her claims and in meeting other scheduling order deadlines. However, Rule 16 requires the court to consider the movant's reasons for missing the particular deadline for amending the pleadings rather than the movant's overall diligence.

5