UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


ROSEMARY KEFFER,

       Plaintiff,

v.                            Civil Action No. 2:04-0692

WYETH, d/b/a Wyeth, Inc.;
WYETH PHARMACEUTICALS, INC.; and
PHARMACIA & UPJOHN COMPANY,

       Defendants.


MEMORANDUM OPINION AND ORDER


       Pending are (1) plaintiff's motion to withdraw one of her expert witnesses and substitute in his stead a different expert witness ("motion for substitution"), filed August 16, 2011, (2) defendants' motion to exclude the general causation testimony of Michael D. Wertheimer, M.D., and Dr. John Cronin, filed May 19, 2011, and (3) defendants' motion to exclude specific causation testimony of Dr. Wertheimer, filed May 19, 2011.


I.


       Plaintiff seeks to replace her case-specific causation expert, Michael D. Wertheimer, M.D., with a different expert,

Paul J. Michaels, M.D.  In late July Dr. Wertheimer abruptly resigned as an expert witness for plaintiff in this, and apparently all other, hormone replacement therapy ("HRT") litigation.

Plaintiff seeks to replace Dr. Wertheimer with Dr. Michaels, an existing expert in this case who has already been deposed and provided a case-specific pathology report herein. Plaintiff proposes that Dr. Michaels also be given leave to supplement his expert opinion to address specific causation.  If permitted, that supplement is promised within 10 days.

In support of her request, plaintiff states, inter alia, (1) she has acted diligently and in good faith, (2) little to no prejudice would result to defendants inasmuch as Dr. Michaels will provide a case-specific opinion using the same or similar methodology as Dr. Wertheimer, and she will make Dr. Michaels available for an additional deposition if necessary, (3) the absence of a specific causation expert would cause her difficulty in litigating this action to final judgment, and (4) Dr. Michaels is well qualified to opine on the subject matter, having testified on specific causation in HRT trials previously.

Defendants oppose the request.  They assert, inter alia, that (1) the reason for Dr. Wertheimer's withdrawal is not

the fact that he is overworked but rather that "his credibility is in tatters following" a July 2011 trial in this court of another HRT action, (2) trial is less than one month away and multiple forms of prejudice would result, including the need for defendants' experts to revise their reports to meet any new opinions offered by Dr. Michaels, (3) defendants should be awarded fees and costs as a result of Dr. Wertheimer's departure from the case, and (4) Dr. Michaels is unqualified to opine on the specific causation matters at issue, and he lacks a reliable methodology for doing so.

Defendants devote much space to a thorough discrediting of Dr. Wertheimer.  The reasons for Dr. Wertheimer's withdrawal, however, are essentially immaterial.  Rule 16 focuses not upon Dr. Wertheimer's indifference and neglect but rather on the diligence of plaintiff's counsel.  It appears undisputed that plaintiff's counsel played no role in Dr. Wertheimer's decision. One searches the record in vain for any substantial indication that plaintiff's counsel should be blamed for his departure.[1]

---

[1] Defendants appear to assert that plaintiff's counsel should have foreseen the imminent decimation of Dr. Wertheimer's credibility months ago and taken steps at that time to replace him.  (See, e.g., Defs.' Br. at 13 ("Certainly by February 2011 it was only a matter of time before Dr. Wertheimer was exposed.")).  Inasmuch as the contention rests upon little more than speculation, it does little to demonstrate a lack of diligence on plaintiff's counsels' part.

3

Importantly, plaintiff does not seek to substitute for Dr.
Wertheimer because his testimony has been discredited.  She seeks
that relief because he has unexpectedly resigned.

The court thus finds that the withdrawal of Dr.
Wertheimer is appropriate.  The court further finds that good
cause supports a modification of the scheduling order so as to
permit service of a supplemental report by Dr. Michaels as to
specific causation.

The court does not intend presently to resolve any
Daubert challenge to Dr. Wertheimer, which is now moot, or any
similar challenge to Dr. Michaels, which would be premature in
advance of him offering his report and being deposed.  Indeed,
defendants note that "[i]f Plaintiff now substitutes another
specific causation expert, Defendants must draft a new Daubert
challenge crafted to the particulars of Dr. Michaels' background
and opinions." (Defs.' Br. at 15).  Defendants note as well that
they "also filed a twenty-page Daubert challenge on general
causation regarding Dr. Wertheimer and Dr. John Cronin." (Id. at
15 n.49).

To facilitate the orderly resolution of any such
challenges to the reliability or relevance of the aforementioned
witnesses, it is ORDERED that defendants' motions (1) to exclude

4

general causation testimony by Dr. Wertheimer and Dr. Cronin, and
(2) to exclude specific causation testimony of Dr. Wertheimer be,
and they hereby are, denied without prejudice.  Defendants may
re-file any general causation challenge to Dr. Cronin alone, and
any specific causation challenge to Dr. Michaels, according to
the schedule that follows.

Based upon the foregoing discussion, it is,
accordingly, ORDERED as follows:

1.   That the motion for substitution be, and it hereby is,
     granted to the extent provided herein and denied in all
     other respects;

2.   That plaintiff be, and she hereby is, permitted to have
     Dr. Michaels, no later than September 2, 2011, author
     and serve a supplemental report respecting his opinions
     as to specific causation in lieu of those previously
     offered by Dr. Wertheimer;

3.   That defendants be, and they hereby are, permitted to
     depose Dr. Michaels respecting his opinions no later
     than September 8, 2011;

4.   That defendants be, and they hereby are, given leave no

5

later than September 12, 2011, to renew any <u>Daubert</u>
challenges as they relate to Dr. Michaels and Dr.
Cronin, with any response by plaintiff no later than
September 16, 2011, and any reply by September 19,
2011.

The Clerk is directed to forward copies of this order
to all counsel of record.

DATED:  August 26, 2011

John T. Copenhaver, Jr.
United States District Judge